# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. SPECIAL MASTER, et al.,<br><br>        Defendants. | Case No.  1:17-cv-00202-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

Plaintiff Billy Driver ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff initiated this action on February 13, 2017. (ECF No. 1.)  On the same day, Plaintiff filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 2.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

///

1  Plaintiff has suffered three or more strikes under section 1915 (g), and the Court takes
2  judicial notice of the following cases: (1) *Driver v. Martel*, Case No. 2:08-cv-01910-GEB-EFB
3  (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim); (2) *Driver v. Kelso*, Case
4  No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed September 12, 2012, for failure to state a claim);
5  and (3) *Driver v. Epp*, Case No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012,
6  for failure to state a claim). Therefore, Plaintiff may not proceed in forma pauperis unless he has
7  met the imminent danger exception to section 1915(g).
8  The availability of the imminent danger exception turns on the conditions a prisoner faced
9  at the time the complaint was filed, not at some earlier or later time. *See Andrews v. Cervantes*,
10 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously
11 injurious practices may be rejected as overly speculative or fanciful." *Id.* at 1057 n.11. Imminent
12 danger of serious physical injury must be a real, present threat, not merely speculative or
13 hypothetical. To meet this burden under § 1915(g), an inmate must provide "specific fact
14 allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the
15 likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.
16 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,*
17 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available
18 "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate."
19 *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).
20 The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy
21 the imminent danger exception to section 1915(g). *Andrews*, 493 F.3d at1053-55. Plaintiff's
22 complaint concerns events occurring at California State Prison, Los Angeles County in Lancaster,
23 California and at Kern Valley State Prison in Delano, California. Plaintiff alleges that he has
24 been pepper sprayed over twenty times, illegally issued over 100 CDCR 115 rule violations,
25 forced to take medication, and illegally denied parole. Plaintiff also alleges that has been denied
26 access to the courts. (ECF No. 1.) Plaintiff has not alleged any harmful side effects from the
27 involuntary medication or any current threats of being pepper sprayed. Moreover, Plaintiff's
28 allegations concern past conduct. As Plaintiff is no longer incarcerated at Kern Valley State

Prison, he cannot be under imminent danger from persons at Kern Valley State Prison. Therefore, the Court finds no allegations that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. Therefore, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and
2. Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2017**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE