UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. SPECIAL MASTER, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00202-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Doc. Nos. 2, 7) |

Plaintiff Billy Driver, a state prisoner, proceeds pro se in this civil rights action filed on February 13, 2017. (Doc. No. 1.)

On February 22, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* ("IFP") be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 7.) In that order, the magistrate judge found that plaintiff was ineligible for IFP status because he had accrued three prior strikes under 28 U.S.C. § 1915(g) and did not qualify for the "imminent danger" exception outlined in § 1915(g). (*Id.*) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) Plaintiff filed objections on March 9, 2017. (Doc. No. 8.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this court has conducted a *de novo* review of the case, including plaintiff's objections, and has concluded that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Plaintiff argues in his objections that the magistrate judge erred in finding him ineligible for the "imminent danger" exception of § 1915(g). In particular, he contends that if the court dismisses his claims, he will continue to be pepper sprayed, beaten, unlawfully detained, and forcibly medicated. (Doc. No. 8 at 2.) However, in reviewing plaintiff's complaint and pending objections to the findings and recommendations, the court finds plaintiff has not presented plausible, non-conclusory allegations of fact indicating he faced an imminent danger of serious physical harm at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (availability of imminent danger exception turns on the conditions the prisoner faced at the time the complaint was filed); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining that to qualify for the imminent danger exception under 28 U.S.C. § 1915(g), an inmate must provide "specific fact allegations" supporting an ongoing serious physical injury or the likelihood of imminent serious physical injury).

Plaintiff's contentions regarding being pepper sprayed and beaten at some future time are insufficient, by themselves, to demonstrate imminent danger under 28 U.S.C. § 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (finding that the imminent danger exception did not apply when plaintiff alleged that he had previously been pepper sprayed); *Meador v. Alvidrez*, No. 1:09–cv–01058–LJO–GSA–PC, 2010 WL 1948565, at *2 (E.D. Cal. May 11, 2010) ("The mere possibility that plaintiff could be subject to the prison's practice of utilizing pepper spray does not establish that plaintiff was under threat of real and proximate danger at the time the complaint was filed").

Similarly, plaintiff's vague allegations regarding the involuntary administration of medication do not suffice to allege imminent danger of serious physical harm. In his complaint, plaintiff alleges that he has been subject to a forced medication order since September 2016. (Doc. No. 1 at 4, 14.) However, plaintiff does not allege that he was subjected to this order without due-process, or that the medications administered have resulted in him suffering any

harm or dangerous side effects. *See Lewis v. Vail*, No. C10–0267–RSL, 2010 WL 1417719, at *2 (W.D. Wash. Feb. 23, 2010) (finding the imminent danger exception inapplicable because plaintiff "does not allege that defendants have decided to medicate him involuntarily, that such decision is pending, or that such a decision would or could be made without affording him due-process protections"); *cf. Bradford v. Marchak*, 667 Fed. Appx. 616, 617 (9th Cir. 2016)[1] ("[Plaintiff] plausibly alleged 'imminent danger of serious physical injury' given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication.").

Finally, plaintiff's allegations of unlawful detainment are "too attenuated from any form of imminent danger" to trigger the § 1915(g) exception. *McClellan v. Kern Cty. Sheriff's Office*, No. 1:10–cv–0386–LJO-MJS, 2015 WL 5732077, at *2 (E.D. Cal. Sept. 28, 2015).

For these reasons:

1. The findings and recommendations (Doc. No. 7) issued on February 8, 2017, are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within forty-five (45) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed; and

4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **May 1, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).