UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. SPECIAL MASTER, et al.,<br><br>  Defendants. | No. 1:17-cv-00202-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S <u>MISCELLANEOUS MOTIONS</u><br><br>(Doc. Nos. 13, 14) |

Plaintiff Billy Driver is a former pretrial detainee who proceeded *pro se* in this civil rights action under 42 U.S.C. § 1983. On May 2, 2017, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the required $400.00 filing fee in full to proceed with this action within forty-five (45) days. (Doc. No. 9.) On January 1, 2018, after plaintiff failed to pay the filing fee within the allotted time, the undersigned adopted the magistrate judge's findings and recommendations that this action be dismissed due to plaintiff's failure to pay the filing fee and obey the court's earlier order. (Doc. No. 11.) That order directed the Clerk of the Court to close this case, and it has since been closed. (*Id.* at 3.)

Pending before the court are two miscellaneous motions that plaintiff filed on June 24, 2019. (*See* Doc. Nos. 13, 14.) In one motion, plaintiff requests that this closed action be stayed

1

or, in the alternative, "reactivated." (Doc. No. 13 at 1.) It appears that plaintiff is claiming that, due to a mental health evaluation related to a state court proceeding, he "did not . . . and could not . . . respond." (*Id.* at 2.) It is unclear what plaintiff is claiming he could not respond to, but it appears he is arguing that this case should have been stayed until the aforementioned mental health evaluation was completed. (*Id.* at 2–3.) In a separate filing, plaintiff moves "FOR OFFER OF DESOLUTION(S) AND PROPOSED SETTLMENT TELECO[N]FERENCE . . . AND REQUEST FOR APPOINTMENT OF COUNSEL." (*See* Doc. No. 14.) In this filing, plaintiff references "EXTRACTED TRUTH SERUM SPECIALIST(S)," "(MRI) MACHINE(S)," and the "PROJECTION MEMORY OF CONSCIENOU(S)." (*Id.* at 2.) The court is unable to discern what plaintiff is attempting to convey in this filing, but it appears he is either claiming that he is entitled to a settlement conference or requesting that one be scheduled in this close case. (*See id.* at 2–3.)

The court interprets plaintiff's first filing (Doc. No. 13) as a motion to reopen his case. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion to reopen will be denied. While plaintiff contends that he could not respond to this court's orders because of circumstances beyond his control, he has failed to provide any information that would warrant reconsideration of the judgment in this action. As noted, this action was dismissed due to plaintiff's failure to pay the filing fee after his application to proceed *in forma pauperis* was denied. Thus even if the court accepts plaintiff's unsubstantiated position that he was unable to respond to the courts order, the pending motions provide no indication of his ability or intent to pay the required filing fee. Plaintiff therefore has presented no basis for reopening this action.

Next, the court will deny plaintiff's request for a settlement conference. As discussed, this action is closed, and plaintiff has provided the court with no basis upon which it could reopen this case. Accordingly, plaintiff's request for a settlement conference is denied as having been rendered moot by this action's closed status.

Finally, plaintiff's request for counsel will also be denied. As an initial matter, the court notes that plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Moreover, the Ninth Circuit has noted that in deciding whether to appoint counsel, the district court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wright v. Director of Corrections*, 443 Fed. Appx. 289, 293 (9th Cir. 2011)[1] (citing Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, due to the fact that this action is closed, it is apparent that plaintiff will not able to succeed on the merits of his claims.

/////
/////
/////
/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly,

1. Plaintiff's motion to reopen this case (Doc. No. 13) is denied;
2. Plaintiff's motion for a settlement conference (Doc. No. 14) is denied;
3. Plaintiff's motion for appointment of counsel (Doc. No. 14) is denied; and
4. No further orders will issue in this closed case.

IT IS SO ORDERED.

Dated: **February 24, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE